OPINION
Dwight R. Webb was found guilty by a jury in the Clark County Court of Common Pleas of possession of cocaine in an amount greater than one hundred grams and possession of marijuana in an amount greater than one thousand grams in violation of R.C. 2925.11(A). The trial court sentenced him to five years for possession of cocaine and two years for possession of marijuana, to be served consecutively. The trial court also fined Webb $15,000 and suspended his driver's license for five years.
The state's evidence established the following facts.
On September 27, 2000, police officers observed Webb and a co-defendant, Desean Nelson, leave the Ramada Inn where they were staying and drive to 1024 East John Street in Springfield, Ohio in a van owned by Webb's mother. After leaving 1024 East John Street, Webb and Nelson returned to the Ramada Inn, where Webb went inside for a short time before returning to the van. Webb and Nelson then drove to various locations in Springfield, several of which were well-known drug areas, and met with two known drug dealers. They then returned to 1024 East John Street, where they remained for a couple hours until Webb left to get food. Officers stopped Webb while he was returning to 1024 East John Street. They searched Webb's van, the hotel room, and the apartment at 1024 East John Street. Cocaine and marijuana were found at the apartment and in the hotel room.
Webb and Nelson were indicted on October 10, 2000 on five counts of drug possession. Only two of those counts involved Webb. Nelson did not appear at trial. Webb made a motion in limine to exclude evidence of anything other than the drugs found in the hotel room. Essentially, Webb argued that his movements that day, his dealings with Nelson and known drug dealers, and the search of 1024 East John Street were irrelevant and that evidence of these activities should not be admitted. The trial court overruled the motion, and the state presented all of the above evidence. Following a trial, a jury found Webb guilty on July 17, 2001. Webb was sentenced as described supra.
Webb appeals, raising one assignment of error.
 THE COURT ERRED IN ADMITTING INTO EVIDENCE TESTIMONY CONCERNING PEOPLE AND DRUG ACTIVITY AT LOCATIONS NOT DIRECTLY RELEVANT TO THE CHARGES AGAINST THE DEFENDANT-APPELLANT.
Webb argues that the trial court erred in admitting evidence that was not relevant under Evid.R. 401, which states:
 "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.
 Basically, Webb appears to argue that the trial court should not have admitted any evidence outside of the fact that drugs were found in Webb's hotel room.
R.C. 2925.11(A) provides: "No person shall knowingly obtain, possess, or use a controlled substance." The state argues that the evidence in question is relevant to show that Webb possessed the drugs found in his hotel room knowingly. We agree. Webb was sharing a hotel room with Nelson. Evidence that he had been with Nelson all day, and had associated with known drug dealers in well-known drug areas, was probative of the fact that Webb had knowingly possessed the drugs found in the hotel room. See Evid. R. 404(B). In other words, the evidence was relevant because it tended to make the fact that Webb had acted knowingly more probable.
Webb also argues that the evidence should not have been admitted under Evid.R. 403(A), which provides:
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
While the evidence may have been prejudicial to Webb, as all evidence presented in a criminal trial inherently is, it was not unfairly so. Thus, the danger of unfair prejudice did not substantially outweigh the probative value of the evidence, and the trial court did not abuse its discretion in admitting the evidence.
Webb's assignment of error is overruled.
The judgment of the trial court will be affirmed.
GRADY, J. and YOUNG, J., concur.